## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ZAVON GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. CIV-25-1111-J |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Zavon Griffin's ("Plaintiff") Complaint (the "Complaint") as follows:

### I.    INTRODUCTION[1]

1.    In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it violated the FCRA and denies that it is liable to Plaintiff for any damages. Experian denies any remaining allegations in this paragraph.

---

[1] Experian includes the headings and subheadings as reflected in the Complaint as a matter of convenience for the Court. To the extent the headings and subheadings in the Complaint are intended to consolidate factual allegations, Experian denies, generally and specifically, the allegations insofar as they refer or relate to Experian.

## II.     JURISDICTION AND VENUE

2.     In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged that the Court has personal jurisdiction over Experian because it regularly conducts business in the State of Oklahoma including furnishing consumer credit reports to individuals and entities within the state.  Experian states that this is a legal conclusion which is not subject to denial or admission.

3.     In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper in Del City, Oklahoma because Experian regularly and systematically conducts business in Del City, Oklahoma.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## III.     PARTIES

4.     In response to paragraph 4 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 4 of the Complaint.

5.     In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged he is a consumer as defined by 15 U.S.C. § 1681a(c).  Experian states that this is a legal conclusion which is not subject to denial or admission.

6.     In response to paragraph 6 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Experian admits that it is aware of its obligations under the FCRA.  Experian denies that it violated its obligations under the FCRA.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation in paragraph 8 of the Complaint.

## IV.    FACTUAL ALLEGATIONS

### August 2025 Consumer Disclosure

9.      In response to paragraph 9 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 9 of the Complaint.

10.      In response to paragraph 10 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies, any allegations of paragraph 10 inconsistent therewith.

11.      In response to paragraph 11 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that

basis, denies, generally and specifically, each and every allegation in paragraph 11 of the Complaint.

### Incomplete Account Numbers, Incomplete Account Information, and Incomplete Payment History

12.    In response to paragraph 12 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 12 of the Complaint.

13.    In response to paragraph 13 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 13 of the Complaint.

14.    In response to paragraph 14 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 14 of the Complaint.

15.    In response to paragraph 15 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 15 of the Complaint.

16.    In response to paragraph 16 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that

basis, denies, generally and specifically, each and every allegation in paragraph 16 of the Complaint.

17.    In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18.    In response to paragraph 18 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 18 of the Complaint.

19.    In response to paragraph 19 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 19 of the Complaint.

20.    In response to paragraph 20 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 20 of the Complaint.

21.    In response to paragraph 21 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 21 of the Complaint.

22.    In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Complaint, Experian states that the allegations contained therein are legal conclusions which are not subject to denial or admission.  To the extent that a response is required, Experian denies, generally and specifically, each and every allegation in paragraph 23 of the Complaint.

24.     In response to paragraph 24 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Experian states that it appears to set forth a portion of an FTC Opinion Letter (Advisory Letter to Darcy), dated June 30, 2000.  Experian affirmatively states that this FTC Opinion Letter speaks for itself, and on that basis, denies any allegations of paragraph 25 inconsistent therewith.

26.     In response to paragraph 26 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 28 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 29 of the Complaint.

30.     In response to paragraph 30 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 31 of the Complaint.

32.     In response to paragraph 32 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 32 of the Complaint.

33.     In response to paragraph 33 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief about these allegations, and on that basis, denies, generally and specifically, each and every allegation in paragraph 33 of the Complaint.

34.     In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35.     In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal FCRA.  Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies, any allegations of paragraph 36 inconsistent therewith.

37.     In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## V.     CLAIMS FOR RELIEF
## COUNT I
## VIOLATIONS OF THE FCRA

38.     In response to paragraph 38 of the Complaint, Experian repeats and incorporates by reference its response to paragraphs 1 through 37 as if fully set forth herein.

39.     In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

40.     In response to paragraph 40 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

41.     In response to paragraph 41 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

42.     In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Experian.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SECOND AFFIRMATIVE DEFENSE
## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## THIRD AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## FOURTH AFFIRMATIVE DEFENSE

## (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## FIFTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

## (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## SEVENTH AFFIRMATIVE DEFENSE

## (INDEPENDENT INTERVENING CAUSE)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

## (RES JUDICATA/COLLATERAL ESTOPPEL)

Experian is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)    For costs of suit and attorneys' fees herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.

Dated: November 6, 2025                    Respectfully submitted,


/s/ *Jimmy Goodman*
JIMMY GOODMAN, OBA #3451
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, Oklahoma 73102
(405) 235-7700
jimmy.goodman@crowedunlevy.com

*ATTORNEY FOR EXPERIAN*
*INFORMATION SOLUTIONS, INC.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2025, a copy of the foregoing was served *via email and U.S. Mail*, postage prepaid, to the following:

Zavon Griffin
3913 Chetwood Drive
Del City, OK 73115
griffinzavon@yahoo.com
*PRO SE*

/s/ Jimmy Goodman